**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| Mark D. Weissman and Weatherly Aviation Company, Inc., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File |
| v. | ) ) | No. _____ |
| Michael Cheokas | ) ) | |
| Defendant. | ) | |

**COMPLAINT**

COME NOW Plaintiffs Mark D. Weissman ("Weissman") and Weatherly

Aviation Company, Inc., a Delaware corporation ("Weatherly Aviation Company")

(collectively referred to as "Plaintiffs"), through counsel, and file this their

Complaint for injunctive relief and for direct, consequential and punitive

damages against Michael Cheokas ("Cheokas"), and show this Honorable

Court as follows:

**I.     JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 1331, 1332(a), 1338(a)(b), 1367, and 1961 ("RICO"). The amount in

controversy is in excess of at least $75,000, exclusive of costs.

2.

Defendant Cheokas resides in this District and in this jurisdiction and is subject to personal jurisdiction in this Court.

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## II.    **PARTIES**

4.

Mark Weissman ("Weissman") is a citizen of Illinois.

5.

Weatherly Aviation Company is a Delaware Corporation having its principal place of business in Illinois.

6.

Defendant Cheokas is a citizen of the State of Georgia and is a resident of this District.

## I.   FACTUAL ALLEGATIONS RELATED TO CLAIMS

### A.  Ownership of Weatherly Aircraft Company Assets, Including Type Certificate A26WE and the Related Certificates

7.

Plaintiff Weissman is pursuant to transactions to be set forth below, (a) the purchaser and subsequent owner of the assets of Defendant Weatherly Aircraft Company, formerly known as GBECK, Incorporated ("Weatherly Aircraft Company") from Remington Partners which held a security interest pursuant to the Remington Partners/Weatherly Aircraft Security Agreement granted in 2001 ("the Remington/Weatherly Security Agreement") in all of the assets of Defendant Weatherly Aircraft Company ("the Assets Secured by the Remington Partners/Weatherly Aircraft Security Agreement") pursuant to purchase at a foreclosure sale on September 29, 2008, as well as being (b) the assignee of Remington Partners under the Remington/Weatherly Security Agreement pursuant to an assignment dated December 29, 2007.

8.

Plaintiff Weissman's rights in the assets of Weatherly Aircraft Company have been fully and finally adjudicated and determined as set forth in the Consent Judgment entered in favor of Weissman in *NAFTAA, Inc., et al. v. Weissman,* Civil

Action No. 1:10-CV-37, U.S. District Court for the Middle District of Georgia, Dkt. No. 150.

9.

Plaintiff Weatherly Aviation Company, Inc., a Delaware corporation, is the transferee of the assets of Weatherly Aircraft Company from Plaintiff Weissman and the current owner of the assets of Weatherly Aircraft Company, including but not limited to the Assets Secured by the Remington Partners/Weatherly Aircraft Security Agreement.

### B. Williams, SFA and Cheokas Unlawful and Fraudulent Attempt to Acquire Ownership of Certain Weatherly Aircraft Company Assets

10.

Remington Partners had authorized the transfer of possession of certain assets of Weatherly Aircraft Company to Williams and SFA pursuant to a written Authorization to Transfer Assets ("Remington/Williams Authorization to Transfer Assets"). Pursuant to the Remington/Williams Authorization to Transfer Assets, Remington Partners authorized Williams and SFA to take possession of certain Assets of Weatherly Aircraft Company secured by the Remington Partners/Weatherly Aircraft Company Security Agreement. In return, Williams and SFA agreed not to transfer or encumber any the Assets Secured by the Remington Partners/Weatherly Aircraft Company Security Agreement.

4

11.

Subject to the Remington/Williams Authorization to Transfer Assets, certain Assets Secured by the Remington Partners/Weatherly Aircraft Company Security Agreement were shipped from Weatherly Aircraft Company's former place of business at McClellan Business Park, McClellan, California, to Souther Field, Americus, Georgia in March, 2007 ("the Initially Shipped Assets").

12.

The Initially Shipped Assets included documents containing confidential trade secret information of Weatherly Aircraft Company.

13.

The Initially Shipped Assets did not include the FAA certificate evidencing the issuance of Type Certificate A26WE and related type certificates and supplemental type certificates to Weatherly Aircraft Company. The related type certificates and supplemental type certificates include Type Certificate A10WE and Supplemental Type Certificates SA1885NM, SA612WE, SA5895NM and ST00368WI and including, but not limited to, certain foreign type certificates issued by Australia, Canada, Argentina and Brazil ("related certificates"). ("Type Certificate A26WE and the related certificates").

14.

Without the knowledge of Remington Partners, Williams and SFA did not

5

store all of the Initially Shipped Assets at Souther Field, but fraudulently entered into a purported Rental Agreement with Defendant George Cheokas, purportedly dated March 17,   2007, for the storage of certain of the Initially Shipped Assets ("the Stored Assets") in an abandoned shirt factory in Americus owned by Defendant Cheokas.

15.

Williams, SFA and Cheokas fraudulently conspired to transfer title to certain of the Stored Assets referred to as Aircraft Manufacturing Equipment to Williams on October 1, 2007, by a purported Self-Storage Warehouse sale (the "purported Warehouse sale")  from Cheokas to Williams. Defendants Williams and Cheokas fraudulently fabricated a back-dated Rental Agreement and claimed that certain rent was due from Weatherly Aircraft under the Rental Agreement for placing the Stored Assets in the abandoned shirt  factory; failed to provide lawful notice either to Remington Partners or to Weatherly Aircraft Company of the purported Rental Agreement or the alleged rent due under the Rental Agreement, or of the foreclosure sale. The fact that Defendant Cheokas purportedly and fraudulently transferred the Aircraft Manufacturing Equipment to Defendant Williams in the purported Warehouse sale also was concealed from Remington Partners and Weatherly Aircraft Company until discovered from a third party.

C. **Weatherly Aircraft Company's Re-Acquisition From Williams of Those Assets Unlawfully and Fraudulently Purported to Have Been Acquired by Williams**

16.

Following the purported Warehouse sale, Weatherly Aircraft Company learned that certain of the Initially Shipped Assets described as Aircraft Manufacturing Equipment (the "purportedly transferred Aircraft Manufacturing Equipment assets"), had been the subject of an unknown purported warehouse sale and may have been sold to Defendant Williams. Upon discovery, Williams claimed when questioned by Weatherly Aircraft Company that he had bought the Aircraft Manufacturing Assets included in the Initially Shipped Assets at a "warehouse sale" for "safekeeping" for Weatherly Aircraft Company.

17.

Without further knowledge or questioning of the circumstances of the purported Warehouse sale, Weatherly Aircraft Company arranged through a third party, Chris French, to agree to pay Williams a total of $100,000 for the purportedly transferred Aircraft Manufacturing Equipment assets, and Defendant Williams transferred the purportedly transferred Aircraft Manufacturing Equipment assets to French, who then transferred those assets to Weatherly Aircraft Company, to avoid any dispute as to Weatherly Aircraft Company's continued ownership of the

purportedly transferred Aircraft Manufacturing Equipment assets fraudulently claimed by Williams.

18.

All of the Initially Shipped Assets, including the Stored Assets and the purportedly transferred Aircraft Manufacturing Equipment assets, remained in the possession of Williams and SFA. Some or all of the Initially Shipped Assets remained in the abandoned shirt factory. The location at that time of other Initially Shipped Assets is believed to have been Souther Field.

### D.   Weatherly Aircraft Company's Subsequent Shipment of Additional Assets to Williams and SFA at Souther Field

19.

On or about May 22, 2008, in good faith contemplation of possible production of aircraft in Americus, Weatherly Aircraft Company thereafter shipped additional property, including certain design drawings for the aircraft manufactured under the Type Certificate A26WE ("Subsequently Shipped Assets"), to Williams and SFA at Souther Field, Americus, Georgia. The subsequent movement and location of these Subsequently Shipped Assets upon arrival in Americus is not known. Because these Subsequently Shipped Assets were not shipped until after the date of the purported Warehouse sale, they were not included in the Aircraft Manufacturing Equipment purportedly transferred in the Warehouse sale.

20.

The Subsequently Shipped Assets were documents containing confidential trade secret information of Weatherly Aircraft Company

21.

The Subsequently Shipped Assets did not include the FAA certificate evidencing the issuance of Type Certificate A26WE and related certificates to Weatherly Aircraft Company.

**E.  Weissman's Foreclosure and Purchase of All Tangible and Intangible Assets of Weatherly Aircraft Company, Including Type Certificate A26WE and All Related Certificates, Wherever Located**

22.

As a result of the default in the obligations of Weatherly Aircraft Company secured by the Remington Partners/Weatherly Aircraft Security Agreement, Weissman, as assignee of Remington Partners rights, foreclosed on all of the assets of Weatherly Aircraft Company, including but not limited to the Initially Shipped Assets and Subsequently Shipped Assets, as well as all of the intangible assets of Weatherly Aircraft Company, including all of the trade secret information and data approved by the FAA related to Type Certificate A26WE, and otherwise related to the business of Weatherly Aircraft Company, as well as the rights to Type Certificate A26WE, wherever those assets may have been located ("the

Foreclosed Assets") on September 29, 2008 (the "September 29, 2008 Foreclosure Sale"). All right, title and interest in the Foreclosed Assets of Weatherly Aircraft Company was transferred at the September 29, 2008 Foreclosure Sale to Weissman. Weissman formed a separate entity, Weatherly Aviation Company, Inc., a Delaware corporation, in order to resume manufacture and sale of the aircraft that are the subject of Type Certificate A26WE.

### F. **Williams and SFA Join Conspiracy with Certain of the WAN/NAFTAA Co-Conspirators to Transfer Certain Weatherly Aircraft Company Assets in Their Possession to WAN and to Transfer Those Assets to a New Facility Leased by WAN in Bogalusa, Louisiana to Manufacture Weatherly Aircraft and Parts**

23.

Williams and SFA, without the knowledge and authorization of Remington Partners or Plaintiff, then conspired with Defendants Gannett, acting individually and as agent for the Gannett Family Limited Partnership and Gannett Family Trust (individually and collectively referred to hereinafter as "Gannett"), and Jeffrey Magnus and   Richard J. Corline, along with Defendants Thomas, White, Johnson ("Certain of the WAN/NAFTAA Co-Conspirators"), as well as John Does 1-100 (which also may include some or all of the subsequently named and remaining WAN/NAFTAA Co-Conspirators), to enter into an option agreement on or about November 21, 2008, for all or part of the "assets [of Weatherly Aircraft Company,

Gary Beck, Mark Litwin, Remington Partners, Chris French, Mark Weissman, Michael E. Cheokas or Manhattan Storage] acquired by Williams at any time or place" to Defendant Weatherly Aircraft Nevada, Inc. Despite reference in the exhibit entitled Bill of Sale and Sales Agreement, dated November 21, 2008, from Williams to WAN, to the assets acquired by Williams as including "type certificates," the only assets in the possession of Williams and SFA at any time were the Initially Shipped Assets, including the Assets Purportedly Transferred at the Warehouse Sale, and the Subsequently Shipped Assets (the "Assets in the Possession of Defendants SFA or Williams"). None of the Assets in the Possession of Defendants SFA or Williams at any time included the documents issued by the FAA to evidence the grant of Type Certificate A26WE and related certificates to Weatherly Aircraft Company, or any of the intangible rights to ownership of Type Certificate A26WE and related certificates held by Weatherly Aircraft Company. On or about March 2, 2009, Defendant Williams executed a Bill of Sale purportedly transferring to Weatherly Aircraft Nevada, Inc. the "Weatherly aircraft manufacturing equipment and parts that were sold at a public auction on October 1, 2007 for lack of payment of storage fees" ("the Assets Purportedly Conveyed to Weatherly Aircraft Nevada, Inc.") in return for payment of $78,000.

24.

The aforesaid Certain of the WAN/NAFTAA Co-Conspirators, as well as

Farley Grantham and Douglas Grantham, as well as John Does 100 (which also may include some or all of the subsequently named and remaining WAN/NAFTAA Co-Conspirators), thereafter caused all or part of the Assets Purportedly Conveyed to Weatherly Aircraft Nevada, Inc., as well as other Assets in the Possession of SFA and Williams (but not included in the Assets Purportedly Transferred at the Warehouse Sale and therefore not part of the Assets Purportedly Conveyed to Weatherly Aircraft Nevada, Inc.), to be removed from Americus, Georgia beginning in March 2009 to a facility occupied by WAN at Bogalusa, Louisiana ("the Bogalusa facility") for the purpose of attempting to undertake the manufacture and sale of Weatherly aircraft and inventory, including, among other things, work in process, materials and parts.

      **G.**  **WAN/NAFTAA Co-Conspirators Conversion of Further WAC Assets and Transfer of All Assets to NAFTAA As Part of Conspiracy to Take Possession and Claim Title to All WAC Assets, Including Type Certificate A26WE and Related Certificates**

25.

At the time of the transfer of all or part of the Assets Purportedly Conveyed to Weatherly Aircraft Nevada, Inc., or, as to certain of them, at material times thereafter, the aforesaid Certain of the WAN/NAFTAA Co-Conspirators and Farley Grantham and Douglas Grantham knew or should have known that WAN did not own Type Certificate A26WE or any of the related certificates or

have possession of the documents evidencing the issuance of Type Certificate

A26WE or any of the related certificates, and that those assets and documents

were not included in the Assets Purportedly Conveyed to Weatherly Aircraft

Nevada, Inc. Instead, all or some of these Certain WAN/NAFTAA Co-

Conspirators knew that WAN purported only to hold a license to manufacture and

sell aircraft under Type Certificate A26WE (the "purported WAC/WAN

License") purportedly granted by Weatherly Aircraft Company and purportedly

signed by Jeffrey Magnus, without authority of the Board of Directors of

Weatherly Aircraft Company, and dated December 22, 2008, after the foreclosure

by Weissman on all of the assets of Weatherly Aircraft Company, including

specifically, but not limited to, the rights to Type Certificate A26WE. The

purported WAC/WAN License was not only unauthorized, but also not approved

by the Federal Aviation Administration.

26.

WAN, Gannett, Magnus, Corline, Thomas, White, Johnson, Sun Over Assets

S.A., NAFTAA and Simons, ("the WAN/NAFTAA co-conspirators"), as well as

John Does 1-100, thereafter fraudulently conspired to assemble and to take into

their possession at the Bogalusa facility all assets of Weatherly Aircraft Company,

including the documents issued by the FAA evidencing the issuance of Type

Certificate A26WE and related certificates to Weatherly Aircraft Company ("the

Converted Assets Assembled at Bogalusa"), for the purpose of attempting to resume manufacture and sale of aircraft and parts under Type Certificate A26WE and related certificates at the Bogalusa facility.

27.

The Converted Assets Assembled at Bogalusa included documents containing confidential trade secret information of Weatherly Aircraft Company.

28.

The Converted Assets Assembled at Bogalusa also included computer data as defined in the Computer Fraud and Abuse Act. 18 U.S.C. sections 1030(a)(4) and (g).

29.

The Converted Assets Assembled at Bogalusa include the documents issued by the FAA evidencing the issuance of Type Certificate A26WE and A10WE to Weatherly Aircraft Company.

30.

Upon assembly of the Converted Assets at the Bogalusa facility, the WAN/NAFTAA Co- Conspirators purported to convey all of the Converted Assets on August 31, 2009, including "the Weatherly name and all intellectual assets of Weatherly Aircraft Nevada, Inc.," from WAN (which did not hold title to any such

"intellectual assets") to Co-Conspirator Sun Over Assets, S.A., except the parts inventory of WAN, and to convey the parts inventory of WAN to Co- Conspirator NAFTAA. Sun Over Assets, S.A., on that same date, August 31, 2009, then fraudulently and purportedly conveyed "Type Certificate A10WE and Type Certificate A26WE [which had not been owned by WAN, its grantee]," to Co-Conspirator Louis Simons.

### H. WAN/NAFTAA Co-Conspirators Failed Attempt to Manufacture and/or Sell Aircraft or Parts Covered by Type Certificate A26WE and Return of Certain Assets to Georgia.

31.

The WAN/NAFTAA Co-Conspirators attempted unsuccessfully after April 2009 to manufacture and/or sell spare parts and aircraft covered by Type Certificate A26WE and the related certificates in Bogalusa, Louisiana.

32.

During this time the WAN/NAFTAA Co-Conspirators attempted to use Weatherly Aircraft Company trade secrets and proprietary information obtained as a part of the Converted Assets, including computer data, to attempt to resume the manufacture of Weatherly aircraft and spare parts, and distributed these trade secrets to certain third parties for purposes of attempting to secure investment in WAN and prospective manufacture of the Weatherly Aircraft and spare parts by WAN and NAFTAA. The Converted Assets, including computer data, and, more particularly,

the trade secrets and proprietary information included as a part of the Converted Assets, were disclosed by Simons and Magnus and possibly others to certain known and unknown third persons, including but not limited to a "Canadian sister company Avio Tech" of NAFTAA, believed to be Aviatech Technical Services, Inc., and other companies, entities or persons affiliated with Simons, Sun Over Assets, NAFTAA and Aviatech, including Mirko Zgela. These additional entities and persons, including but not limited to Aviatech Technical Services, Inc. and Mirko Zgela, all actively participated in and acted in furtherance of the efforts of the WAN/NAFTAA Co-Conspirators to deprive Weissman of his property and to use that property without authorization and therefore are also included hereinafter in this Complaint in any allegations referring to the WAN/NAFTAA Co-Conspirators. Despite requests for the return of all of the Converted Assets, the current location of all of the Converted Assets has not been determined by Plaintiff or disclosed by the WAN/NAFTAA Co-Conspirators.

33.

The attempt to resume manufacture of the Weatherly aircraft and spare parts was effectively shut down on September 18, 2009, when the FAA issued FAA Notice 2009-200905121001 to "all aircraft owners, operators, maintenance organizations and parts distributors of [Weatherly aircraft covered by Type Certificate A26WE and other related certificates]," declaring that the parts sold

from the Bogalusa facility included unapproved parts that were not in accordance with FAA procedures which require that "each completed part conforms to the design data and is safe for installation on type certificated [Weatherly aircraft]."

34.

The Bogalusa, Louisiana facility was then closed, and certain of the Converted Assets were then allegedly returned to Albany, Georgia, and, on information and belief, possibly Americus, Georgia, where they remained in the possession of either one or more of the WAN/NAFTAA Co-Conspirators and its counsel, or other Co-Conspirators. Other remaining Converted Assets remained in Bogalusa, Louisiana in storage in the possession of either one or more of the WAN/NAFTAA Co-Conspirators or other Co- Conspirators. WAN/NAFTAA Co-Conspirators Transfer of Fraudulently Claimed Assets to NAFTAA. Despite requests for the return of all of the Converted Assets, the current location of all of the Converted Assets has not been determined by Plaintiff or disclosed by the WAN/NAFTAA Co-Conspirators.

35.

The WAN/NAFTAA Co-Conspirators, or certain of them, acting in conspiracy and concert with the Co-Conspirators Williams and John Does 1-100, thereafter prepared and executed two additional fraudulent conveyances dated

October 28, 2009, first, from Co-Conspirator Louis Simons, and, second, from Co-Conspirator Williams, respectively, purporting to grant all right title and interest in, first, the "Type Certificates A10WE and A26WE," and, second, "all other property purchased [by Co-Conspirator Williams] at the public sale of the contents of Space 1, Manhattan Storage at 10:00 a.m. on October 1, 2007 which Williams held on October 28,  2009," respectively, (collectively "the Fraudulently Claimed Assets"), to NAFTAA.

  I. **WAN/NAFTAA Co-Conspirators Fraudulent Declaratory Judgment Action to Attempt to Establish Ownership of WAC Assets, Including Type Certificate A26WE**

36.

   Defendant NAFTAA, acting in conspiracy and concert with the other Defendants, including John Does 1-100, sought to further perpetrate its fraud on the rightful owner of the Weatherly Aircraft Company assets, as to the Fraudulently Claimed Assets, by the filing of *NAFTAA v. Weissman,* Civil Action No. 1:10-CV-37, U.S. District Court for the Middle District of Georgia, in March 2010 (the "Fraudulent Declaratory Judgment Action"), falsely and fraudulently seeking, with full knowledge that the Type Certificates included in the Fraudulently Claimed Assets and more particularly described in the following paragraph ("the Type Certificates") were not, and could not be claimed to be, the property of NAFTAA, to obtain a declaratory judgment that the Type Certificates were the property of

NAFTAA, and to seek to deprive the rightful owner of all of the assets of Weatherly Aircraft Company, ownership and possession of the Type Certificates.

37.

Specifically, NAFTAA, in combination and concert with c e r t a i n  o f the NAFTAA Co-Conspirators and John Does 1-100, have falsely alleged or conspired to cause to be alleged that "on or about October 1, 2007, the following personal property was located in Space Number 1, Manhattan Storage: . . . (3) FAA Type Certificate Number A10WE issued to GBECK, Inc. d/b/a Weatherly Aircraft Company related to Model Number 201, Model Number 201A, Model Number 201B, and Model Number 201C; and (4) FAA Type Certificate  A26WE originally issued to GBECK, Inc. d/b/a Weatherly Aircraft Company for Weatherly Airplane Model Number  620, 620 TP, 620A, 620B, and 620B-TG."

38.

NAFTAA and c e r t a i n  o f the WAN/NAFTAA Co-Conspirators and John Does 1-100 have further falsely alleged or conspired to cause to be alleged that "due to WAC's failure to make payments pursuant to the self-storage contract, Manhattan Storage exercised its rights granted pursuant to O.C.G.A. section 10-4-210 *et seq.* and foreclosed its lien interest in the Property on October 1, 2007."

39.

The Declaratory Judgment allegations were known to be false or were recklessly made in bad faith without determining their truthfulness and were material to the claims asserted by the WAN/NAFTAA Co-Conspirators, made for the purpose of causing this Court to reasonably rely upon these false allegations to the detriment of, and injury to, the rightful owners of FAA Type Certificates A10WE and A26WE.

### J.  WAN/NAFTAA Co-Conspirators Fraudulent Claims to FAA Regarding Fraudulently Claimed Assets

40.

Pursuant to 49 USC section 44704, the Federal Aviation Administration ("FAA") may issue Type Certificates, including Supplemental Type Certificates, for aircraft, aircraft engines, and propellers.

41.

Plaintiff Weissman had requested that the FAA, through its Los Angeles office responsible for issuing and reissuing Type Certificates A10WE and A26WE, to have the Type Certificate A26WE and all related certificates that he purchased at the September 29, 2008 foreclosure sale of the Assets of Weatherly Aircraft Company Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, reissued in his name. The related certificates include Type Certificate A10WE and Supplemental Type Certificates SA1885NM, SA612WE,

SA5895NM and ST00368WI ("related certificates").

42.

Since taking possession of the Fraudulently Claimed Assets in 2009, the WAN/NAFTAA Co-Conspirators have deprived the rightful owners, including Plaintiff, from the possession and use of the Fraudulently Claimed Assets. These actions have included making false and fraudulent claims to the Federal Aviation Administration to ownership of the Type Certificate A26WE and the related certificates.

43.

Plaintiff Weissman had been informed by counsel for the Federal Aviation Administration office in Los Angeles, California that there were "competing claims" to the Type Certificate A26WE and the related certificates. As a result of these "competing claims," the FAA would not reissue the Type Certificate A26WE and the related certificates to Weissman until there was a determination from a court of competent jurisdiction as to the owner of the approved data supporting Type Certificate A26WE and the related certificates, resulting in further injury to Weissman, the rightful owner of the rights to Type Certificate A26WE.

44.

Plaintiff Weissman's rights in the Foreclosed Assets of Weatherly Aircraft Company, including the Type Certificates and the Converted Assets have now been

fully and finally adjudicated and determined as set forth in the Consent Judgment entered in favor of Weissman in *NAFTAA, Inc., et al. v. Weissman.*

### K. <u>Weissman's Damages Caused by Wrongful and Fraudulent Conduct of Defendant Cheokas and the Co-Conspirators.</u>

45.

Neither Plaintiff Weissman nor Weatherly Aviation Company, Inc., the Delaware corporation that he had formed in 2009 for the purpose of resuming the manufacture and sale of Weatherly Aircraft using the Foreclosed Assets, had been able to resume manufacture and sale of the aircraft that are the subject of Type Certificate A26WE and related certificates and/or transfer the Foreclosed Assets to a third party for the purpose of resumption of manufacture and sale of the aircraft that are the subject of Type Certificate A26WE and related certificates, as a result of the willful and fraudulent conduct of the Defendant Cheokas that had deprived him of unclouded title, possession and control of the Foreclosed Assets from at least 2009 through the entry of the Consent Judgment and the efforts to do so continue to be prejudiced up through the present time because of the failure to return the Converted Assets.

46.

Plaintiffs have been damaged during that time by the inability to resume manufacture and sale of the aircraft that are the subject of Type Certificate and

related certificates and/or his inability to transfer the Foreclosed Assets to a third party for the purpose of resumption of manufacture and sale of the aircraft that are the subject of Type Certificate A26WE and related certificates in a total amount to be shown by the evidence. Plaintiff Weissman has also incurred reasonable attorneys' fees and litigation expenses as a result of the wrongful conduct of the Defendant Cheokas, both individually and as a co-conspirator in violation of Weissman's legal rights, and in violation of Defendant Cheokas legal duties and obligations as more fully set forth below, for which Plaintiff Weissman is entitled to compensation as damages, as well as under applicable statutes and rules relating to recovery of attorneys' fees and litigation costs in this action.

## FIRST CAUSE OF ACTION

## Fraud Committed by Williams, SFA and Cheokas

47.

Weissman incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

48.

Defendants Williams, SFA and Defendant Cheokas fraudulently arranged a purported Warehouse Sale whereby the Stored Assets owned by Weatherly Aircraft Company and subject to the Remington/Weatherly Aircraft Company Security

Agreement could be sold by Defendant Cheokas to Williams, and in doing so made numerous false statements in representations in legal documents and publications, including, but not limited to the following: (a) stating that there was a Rental Agreement entered into with Weatherly Aircraft Company with regard to the Stored Assets, (b) that the abandoned shirt factory in which the Stored Assets were kept was a Self-Storage facility as defined by O.C.G.A. section 10-4-211(6); (c) that Weatherly Aircraft Company had been provided notice in accordance with O.C.G.A. section 10-4-213 of the purported and alleged default in payment of rent and prospective sale of its property to the last known address of Weatherly Aircraft as defined by O.C.G.A. section 10-4-211(1)( "as stated in the latest rental agreement or the address provided by the occupant in a subsequent written notice of a change of address"), when no address was even contained in the purported Rental Agreement and no written change of address existed; (d) that the address to which the notice of the purported and alleged default in payment of rent and prospective sale of its property was sent was a valid address when Williams knew that it was the vacated address of Weatherly Aircraft Company's closed former manufacturing facility, and from which the notice was, in fact, known by Williams to have been returned to Cheokas undeliverable; (e) that Defendants Williams and Cheokas  had a right to "foreclose" on the Stored Assets; and (f) that Williams was a bona fide purchaser in view of all of the known deficiencies

in the sale and his obligations not to transfer, encumber or deal in the Assets subject to the Weatherly Aircraft Company/Remington Partners Security Agreement.

### 49.

The foregoing representations by Williams, SFA and Cheokas with regard to the purported Warehouse Sale were false.

### 50.

Williams, SFA and Cheokas knew that the foregoing representations with regard to the Warehouse Sale were false at the time they were made.

### 51.

The representations of Williams, SFA and Cheokas with regard to the purported Warehouse Sale were made with an intention to induce reliance on the part of third parties dealing with the Stored Assets and to deprive Weatherly Aircraft Company and Remington Partners of their interests in the Stored Assets.

### 52.

Third parties have justifiably relied on the statements and actions of Williams, SFA and Cheokas in purporting to acquire interests in the Stored Assets to the detriment of Weatherly Aircraft Company, Remington Partners and Weissman and their respective rights to the exclusive right to possession and use of the Stored Assets.

### 53.

Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, has suffered damages as a result of the fraudulent conduct of Williams, SFA and Cheokas which has deprived him of his exclusive right to possession and use of the Stored Assets.

54.

The acts of Williams, SFA and Cheokas as alleged herein constitute fraud under O.C.G.A. § 51-6-1 *et seq*., O.C.G.A. § 23-2-50 *et seq*., and Georgia common law.

55.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling Williams, SFA and Defendant Cheokas to return all of the Assets to him and requiring that any copies or other information related to the Assets be turned over to him and for the entry of an injunction against Williams, SFA and Cheokas enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain any copies or other information related to the Assets or to use any of the information related to the Assets in any way.

56.

The fraudulent conduct of Williams, SFA and Defendant Cheokas was done intentionally, maliciously, wantonly, and with callous disregard for the consequences of these actions on Weissman and the rightful owners of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and done for the purpose of converting the property of Weatherly Aircraft Company and Remington Partners under the Remington/Weatherly Aircraft Company Security Agreement, entitling Defendant and Counterclaim Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, to punitive damages against Defendants Williams, SFA and Cheokas.

## SECOND CAUSE OF ACTION

## Fraud As to Ownership of Converted Assets of

## Weatherly Aircraft Company

57.

Weissman incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

58.

Defendant Cheokas, either directly or through co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, represented at various times to third persons, including the Federal Aviation Administration and this Court, that Williams, Weatherly Aircraft Nevada, Sun Over Assets, and/or NAFTAA were the lawful owners of all or part of the Converted Assets of Weatherly Aircraft Company. Additionally, Co-conspirators Weatherly Aircraft Nevada, Gannett, Magnus and/or Corline falsely represented to the Federal Aviation Administration that WAN held a valid license granted by Weatherly Aircraft Company to manufacture aircraft and parts under Type Certificate A26WE.

59.

Defendant Cheokas, along with co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, knew at the time the representations were made to third persons, including the Federal Aviation Administration or this Court, that Williams, Weatherly Aircraft Nevada, Sun Over Assets, and/or NAFTAA were not the lawful owners of all or part of the Converted Assets of Weatherly Aircraft Company.

60.

Defendant Cheokas, either directly or through co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, the Gannet Family Limited Partnership, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, made the foregoing representations to third persons, including the Federal Aviation Administration or this Court, for the purpose of inducing reliance on the part of those third persons, the FAA or this Court, and third persons, including the Federal Aviation Administration and this Court justifiably relied upon such misrepresentations.

61.

Defendant Cheokas, either directly or through co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, made the foregoing representations to third persons, the Federal Aviation Administration or this Court, to the detriment of Weatherly Aircraft Company, Remington Partners and Weissman and their respective rights to the exclusive right to possession and use of the Converted Assets of Weatherly Aircraft Company.

62.

The acts of Defendant Cheokas, and co-conspiarators Williams, SFA, Weatherly Aircraft Nevada, Gannett, the Gannet Family Limited Partnership,

Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, as alleged herein constitute fraud under O.C.G.A. § 51-6-1 *et seq.*, O.C.G.A. § 23-2-50 *et seq.*, and Georgia common law.

63.

Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, has suffered damages as a result of the foregoing fraudulent conduct which has deprived him of his exclusive right to possession and use of the Converted Assets of Weatherly Aircraft Company.

64.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an

injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

65.

The fraudulent conduct of Defendant Cheokas a n d c o -c o n s p i r a t o r s Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA was done intentionally, maliciously, wantonly, and with callous disregard for the consequences of these actions on Weissman and the rightful owners of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and was done for the purpose of converting the property of Weatherly Aircraft Company and Remington Partners under the Remington/Weatherly Aircraft Company Security Agreement, entitling Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008 to punitive damages against Defendant Cheokas.

## THIRD CAUSE OF ACTION

### Conversion

66.

Weissman incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

67.

Defendant Cheokas and co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, have converted or received all or part of the Converted Assets of Weatherly Aircraft Company in violation of O.C.G.A. § 16-8-7.

68.

Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, has suffered damages as a result of the conversion which has deprived him of his exclusive right to possession and use of the Converted Assets of Weatherly Aircraft Company.

69.

Weissman has been and continues to be irreparably injured by the continued

deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

70.

The conversion by Defendants Cheokas and co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA was intentional, entitling Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets

following the Foreclosure Sale on September 29, 2008 to punitive damages against Defendant Cheokas.

## FOURTH CAUSE OF ACTION

## Theft and Misappropriation of Trade Secrets

71.

Weissman incorporates the allegations set forth in paragraph 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

72.

The Converted Assets include certain documents containing confidential information formerly owned by Weatherly Aircraft Company, including, but not limited to, the Type Certificate data approved by the Federal Aviation Administration for  Type Certificate A26WE and related certificates under the regulations promulgated by the FAA and certain foreign aviation authorities, and further including, but not limited to, any and all documents  containing confidential information that is required by the FAA for approval related to Type Certificate A26WE, and by the FAA and by the respective foreign aviation authorities, for approval related to "the related certificates," and all other confidential business information of Weatherly  Aircraft Company ("Weatherly  Aircraft Confidential Information and Type Certificate Data").

73.

34

Said Weatherly Aircraft Company Confidential Information and Type Certificate Data constitutes a trade secret, as that term is defined by the Georgia Trade Secrets Act, O.C.G.A section 10-1-760, et. seq., and is comprised of information not generally known to the public.

74.

Defendant Cheokas, directly or through co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, misappropriated the trade secrets of Weatherly Aircraft Company contained in the Weatherly Aircraft Company Confidential Information and Type Certificate Data, by undertaking a scheme to unlawfully acquire and then to purportedly sell these trade secrets as a part of a scheme to attempt to transfer the rights to the type certificates granted by the FAA on the basis of the approval of the Type Certificate Data, to or among themselves, and from these sales, to exercise possession and control of and thereby misappropriate the Weatherly Aircraft Company Confidential Information and Type Certificate Data trade secrets and to deny access, possession and control from Weissman, the rightful owner of the Weatherly Aircraft Company Confidential Information and Type Certificate Data trade secrets.

75.

"Misappropriation" under Georgia law means the (i) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (ii) disclosure or use of a trade secret of another without express or implied consent by a person who (A) used improper means to acquire knowledge of the trade secret; or

(B) at the time of disclosure or use knew or had reason to know that his knowledge of the trade secret was (I) derived from or through a person who has utilized improper means to acquire it; (II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (III) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or (C) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

76.

Defendant Cheokas and co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA, each of whom had neither express nor implied consent, disclosed, used and attempted to sell the Weatherly Aircraft Company Confidential Information and Type Certificate Data trade secrets owned by Weissman, each knowing that at the time of misappropriation of the trade secret

that it was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, as defined in O.C.G.A. section 10-1-761 (2)(B).

77.

Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, has suffered damages as a result of the misappropriation of the Confidential Information and Type Certificate Data trade secrets which has deprived him of his exclusive right to possession and use of the Type Certificate data for purposes of obtaining reissue of Type Certificate A26WE and the other Confidential Information for the resumption of the manufacture and sale of aircraft and parts covered by Type Certificate A26WE. Additionally, Defendants Williams, SFA and the WAN/NAFTAA Co-Conspirators and John Does 1-100 have been unjustly enriched by their possession of the trade secrets for which they are obligated, jointly and severally, to pay a reasonable royalty from the date any of the Confidential Information and Type Certificate Data trade secrets were converted by Williams, SFA and the WAN/NAFTAA Co-Conspirators and John Does 1-100, to the present.

78.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company

Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

79.

The misappropriation of trade secrets by Defendant Cheokas and co-conspirators Williams, SFA, Weatherly Aircraft Nevada, Gannett, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets, S.A., Louis Simons and NAFTAA was intentional, and done for the purpose of depriving Defendant and Counterclaim Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets

following the Foreclosure Sale on September 29, 2008 of his exclusive right  to

possession and use of the Confidential Information and Type Certificate Data for

purposes  of obtaining reissue of Type Certificate A26WE and for resumption of

the manufacture and sale of aircraft and parts covered by Type Certificate A26WE,

thereby entitling him to punitive damages against Defendants Williams, SFA,

Weatherly Aircraft Nevada, Gannett,  the Gannet Family Limited Partnership, the

Gannett Family Trust, Magnus, Corline, White, Thomas, Johnson, Sun Over Assets,

S.A., Louis Simons  and NAFTAA.

## FIFTH CAUSE OF ACTION
## CIVIL CONSPIRACY

80.

Weissman incorporates the allegations set forth in paragraphs 1 through  46,

as if fully set forth herein.

81.

The Defendant Cheokas, along with one or more of the Co-Conspirators have

combined and conspired among  themselves and other unknown conspirators for the

purpose of willfully, fraudulently and  maliciously converting, misappropriating and

depriving the rightful owners at various times material hereto, including Plaintiff as

the current owner, of the exclusive right to unclouded title, possession and use of

the Assets Secured by the Weatherly Aircraft Company/Remington Partners

39

Security Agreement, thereby injuring the rightful owners of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement.

82.

As a direct and proximate result of the Defendant Cheokas, along with one or more of the Co-Conspirators' actions, Plaintiff Weissman is entitled to recover nominal, direct and consequential damages in an amount to be determined at trial.

83.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against Defendant Cheokas enjoining him, and all the Co-Conspirators, along with those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents

and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

84.

The conduct of the Defendant Cheokas was intentional, and done for the purpose of depriving Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008 of his exclusive right to possession and use of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, thereby entitling him to recover punitive damages from the Defendant Cheokas.

## SIXTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

85.

Weissman incorporates the allegations set forth in paragraph 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

86.

Certain of the Co-conspirators, including but not limited to Gannett, Magnus and Corline, were aware of the Weatherly Aircraft Company/Remington Partners Security Agreement and that the Security Agreement had been assigned to

Weissman and that Weissman had purchased the Former Assets of Weatherly Aircraft Company at the September 29, 2008 Foreclosure Sale, and that Williams and SFA were prohibited either by contract or by reason of their fiduciary and other legal obligations from transferring or encumbering the Former Assets of Weatherly Aircraft Company which had been secured by the Weatherly Aircraft Company/Remington Partners Security Agreement.

87.

The aforesaid Co-conspirators, through the actions described above, intentionally and without justification interfered with that existing relationship between Weatherly Aircraft Company, Remington Partners, Williams and SFA.

88.

In addition, upon information and belief, the Co-Conspirators have intentionally interfered and continue to interfere with other existing and prospective business relations of Weissman, as the owner of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement.

89.

Plaintiffs suffered damages in an amount to be determined at trial as a result of the tortious interference by Defendant Cheokas, either directly or through the Co-Conspirators.

90.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement,  and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against  all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly  Aircraft documents and information in any way.

91.

The conduct of the Co-conspirators was intentional, and done for the purpose of depriving Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the

Foreclosed Assets following the Foreclosure Sale on September 29, 2008 of his exclusive right to possession and use of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, thereby entitling him to recover punitive damages from the Defendant Cheokas.

## SEVENTH CAUSE OF ACTION

## Civil Rico Claim – Federal

92.

Weissman incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

93.

Persons injured by reasons of a RICO violation have a civil cause of action under the terms of the act. Pursuant to the act, 18 U.S.C. §§ 1962(c), 1964(c) provide for liability in civil suits brought by any person injured 'in his business or property' by a RICO violation, with a compulsory award of treble damages, costs, and attorneys' fees.

94.

The RICO act makes it unlawful for 'any person' who is employed by or associated with 'any enterprise' affecting interstate commerce to 'participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of

racketeering activity.

## **The Racketeering Violation**

95.

The Defendant Cheokas and the Co-conspirators have acquired personal property, directly and indirectly, through a pattern of racketeering activity consisting of (1) theft by taking, in violation of O.C.G.A. § 16-8-2, (2) theft by deception, in violation of O.C.G.A. § 16-8-3, (3) theft by conversion or receipt of stolen goods, in violation of O.C.G.A. § 16-8-4, 16-8-7 (4) Securities Fraud, (5) theft of trade secrets in violation of O.C.G.A. § 10-1-76 *et seq.*, (6) Computer Fraud in violation of 18 U.S.C. §. Section 1030 *et seq.*, and (5) Honest Services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

96.

For the purpose of furthering this scheme to defraud and to obtain property and  money by means of false pretenses, misrepresentations or promises, the Defendants knowingly utilized or caused to be utilized the United States Postal Service  and   utilized telephone or other wire transmissions in interstate commerce (wire fraud and mail fraud). These acts further include the transfer of funds as between themselves or others by  using electronic  or  other wire transmissions in interstate commerce as described above. For the purpose of

furthering this scheme to defraud and to obtain money and property by false or fraudulent pretenses, the Defendant Cheokas and the Co-conspirators did transmit and cause to be transmitted by wire and/or radio these fraudulent transmissions and communications, as described herein, in violation of 18 U.S.C. § 1343. For the purpose of furthering this scheme to defraud and to obtain money and property by false or fraudulent pretenses, Defendant Cheokas and the Co-conspirators did place or cause certain matters or things, as described herein, to be placed in a post office or other authorized depository for mail matter in violation of 18 U.S.C. § 1341.

## The Pattern of Racketeering Activity

A.      **Theft by Taking** (O.C.G.A. § 16-8-2)

97.

The Defendant Cheokas and the Co-Conspirators have repeatedly engaged in theft by taking in violation of O.C.G.A. section 16-8-2. Theft by taking constitutes racketeering activity under 18 U.S.C. section 1961(1)(A).

98.

Defendant Cheokas and the Co-conspirators committed theft by taking by unlawfully taking, or being in lawful possession thereof, or unlawfully misappropriating the property of Weatherly Aircraft Company and Weissman, with the intention of depriving Weatherly Aircraft Company and Weissman of that

property. The property of Weatherly Aircraft Company and  Weissman unlawfully

taken or misappropriated by the Defendants includes:

- The Weatherly Aircraft Confidential Information and Type Certificate Data (as defined in paragraph 84 above)

- The documents evidencing the issuance of Type Certificates A26WE and related certificates

- The Aircraft Manufacturing Equipment owned by Weatherly Aircraft Company, including the tooling used to fabricate the aircraft

- The inventory, including raw materials, work in process, finished goods and parts owned by Weatherly Aircraft Company

- The personal property used by Weatherly Aircraft Company in its business

- The business records of Weatherly Aircraft Company

- The computer data of Weatherly Aircraft Company

     **B.**    **Theft by Deception** (O.C.G.A. § 16-8-3)

99.

Defendants Cheokas and the Co-conspirators obtained property of Weatherly

Aircraft Company and Weissman, by deceitful means and artful practices, creating

and confirming versions and  making statements of existing facts which were false

and  which  the  Defendants  knew  or  believed  to  be  false,  and  concealing  or

preventing  others,  including  Weatherly  Aircraft  Company,  Weissman,  this Court

and the Federal Aviation Administration, and third persons from acquiring information pertinent to the truth of existing facts.

100.

This conduct includes, but is not limited to, the following transactions:

- the 2007 Fraudulent Warehouse Sale

- the Fraudulent Claims to the Federal Aviation Administration since at least 2008 regarding ownership and licensing rights in Type Certificate A26WE and related certificates

- the 2009 Fraudulent Transfer of Weatherly Aircraft Company assets from Williams to WAN

- the 2009 Conversion of the Weatherly Aircraft Company assets

- the 2009 receipt of Converted Assets

- the 2009 Fraudulent Claim that WAN holds the Type Certificates to Weatherly aircraft

- the 2009 Sale of Weatherly Aircraft Company Parts to Weatherly Aircraft Company customers

- the 2009 Sale of "Bogus" Unapproved Parts for Weatherly aircraft under false claim of ownership or license of Type Certificate A26WE

- the 2009 Fraudulent Transfer of the Assets Shipped to Williams and SFA and the Converted Assets to NAFTAA

- this 2010 Fraudulent Declaratory Judgment Action

**C.     Theft by Conversion** (O.C.G.A. § 16-8-4).

101.

Williams and SFA, having lawfully received the property of Weatherly Aircraft Company, and being under an Agreement with Remington Partners and known legal obligation to hold that property for Weatherly Aircraft Company and Remington Partners, in concert and conspiracy with Defendant Cheokas, and the other Co-Conspirators, knowingly converted those proceeds to their own use.

102.

Defendants Cheokas and the other Co-conspirators further converted other assets of Weatherly Aircraft Company and Weissman.

103.

Defendants Cheokas and the other Co-conspirators committed theft by conversion, including receipt of converted or stolen goods, as set forth above in paragraphs 113 and 114, with regard to at least the following property:

- The Weatherly Aircraft Confidential Information and Type Certificate Data (as defined in paragraph 91 above)

- The documents evidencing the issuance of Type Certificates A26WE

and related certificates

- The Aircraft Manufacturing Equipment owned by Weatherly Aircraft Company, including the tooling used to fabricate the aircraft

- The inventory, including raw materials, work in process, finished goods and parts owned by Weatherly Aircraft Company

- The personal property used by Weatherly Aircraft Company in its business

- The business records of Weatherly Aircraft Company

- The computer data of Weatherly Aircraft Company

**D.    Theft of Trade Secrets** (O.C.G.A. § 10-1-761)

Defendant Cheokas and the Co-conspirators committed theft of trade secrets with regarding to at least the following property:

- The Weatherly Aircraft Confidential Information and Type Certificate Data (as defined in paragraph 84 above)

**E.    Honest Services Fraud (U.S.C. §§ 1343, 1346)**

104.

The WAN/NAFTAA Co-conspirators using facilities of interstate communication, specifically long distance telephone and interstate electronic communications, attempted to deprive Weatherly Aircraft Company of the honest services of persons owing it obligations of loyalty by offering and making payments

("bribes") to transfer the Assets Transferred by Williams and the Converted Assets to WAN and NAFTAA.

105.

This conduct constituted attempts to commit honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

106.

The Co-conspirators' conduct constituted racketeering activity as defined under 18 U.S.C. § 1961.

**Injuries To Weissman Proximately Caused By the RICO Violations.**

107.

The Defendant Cheokas and the Co-conspirators engaged in acts of racketeering activity since at least 2007.

108.

Weissman discovered or could have discovered some of the facts related to those acts of racketeering activity that occurred prior to or in the first seven months of 2009, but the true facts related to, and the extent of the property taken or misappropriated during the course of, those unlawful acts were actively concealed and were not known by Weissman prior to and during the first seven months of 2009. These true facts related to, and the extent of the property taken or

misappropriated during the course of, those unlawful acts prior to and during the first seven months of 2009 ("the Previously Concealed and Unknown True Facts and Extent of Unlawful Conduct") were actively concealed from and not known by Weissman prior to or during the first seven months of 2009. Other acts of racketeering activity occurred during or after the first seven months of 2009, and continue to occur to this date (the "2009 and Subsequent Continuing Wrongful Acts").

109.

The Previously Concealed and Unknown True Facts and Extent of Unlawful Conduct and the 2009 Subsequent and Continuing Wrongful Acts are themselves related and sufficient to constitute a pattern of racketeering activity. These acts of racketeering activity also caused new and independent injuries to Weissman, separate and apart from any injuries which Weissman discovered or could have discovered prior to or in 2009.

110.

Defendant Cheokas and the Co-conspirators acquired property through this pattern of racketeering activity.

111.

This pattern of racketeering activity proximately caused new and independent injuries to Weissman.

112.

Weissman's injuries flowed directly from acts of racketeering activity that constitute part of this pattern of racketeering activity.

**Relationship Between the Predicate Acts of Racketeering Activity**

113.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar intents in that they sought to obtain property from Weatherly Aircraft Company and Weissman through illegal means.

114.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar results in that Defendant Cheokas and the Co-conspirators did obtain property from Weatherly Aircraft Company and Weissman through illegal means.

115.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar victims, including Weatherly Aircraft Company and Wiessman who have been victimized by the Defendant Cheokas and the Co-conspirators through fraudulent transactions.

116.

The acts of racketeering activity committed by the Defendant Cheokas and

the Co-conspirators have the same or similar methods of commission in that they involve theft and related acts of racketeering activity committed in furtherance of a scheme to obtain property from Weatherly Aircraft Company and Weissman through illegal means.

## 117.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators are interrelated by distinguishing characteristics and are not isolated incidents in that the acts involve the same or similar misrepresentations, the same or similar methods of commission, the same or similar financial benefits to the Defendant Cheokas and the Co-conspirators, and the same or similar efforts to conceal their misconduct.

## 118.

These acts were and are being committed in a systematic and related fashion and are part of the enterprise's ongoing manner of doing business and have been perpetrated over a number of years. These acts constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961.

## 119.

The Defendant Cheokas and Co-conspirators violated 18 U.S.C. § 1962(a) by using or investing income derived from a pattern of racketeering to establish, operate and/or acquire an interest in an enterprise the activities of which affect interstate commerce.

120.

Defendant Cheokas and the Co-conspirators violated 18 U.S.C. § 1 962(b) because they engaged in a pattern of racketeering activity to acquire or maintain an interest or control in an enterprise  the activities of which affect interstate commerce.

121.

The Defendant Cheokas and the Co-conspirators violated 18 U.S.C. § 1962(c) because they conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

122.

The Defendant Cheokas and the Co-conspirators violated 18 U.S.C. § 1962(d) by conspiring to violate the above code sections.

123.

The enterprise could not exist but for this  conspiracy.

124.

The enterprise participants have caused economic losses to Weissman. The economic losses are continuing as a result of the continued activities of the enterprise and flow directly from the use and investment of racketeering  income.

125.

Weissman is an aggrieved person and has standing to maintain this action.

126.

Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to collect treble damages.

127.

In addition, Defendant Cheokas and Co-conspirators' actions show willful misconduct, breach of fiduciary duty, malice, fraud, wantonness, oppression, and an entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling Weissman to receive punitive damages sufficient to deter, penalize or punish the Defendants in light of the circumstances of the case.

128.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information

related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

129.

Weissman asks the Court to issue appropriate orders and judgments including, but not limited to:

• Imposing a constructive trust over all assets improperly obtained by the Defendants through racketeering activity, including, but not limited to, the proceeds of all sales of any assets

• Ordering the Defendants to divest themselves in any interest in any of the former property of Weatherly Aircraft Company

• Imposing reasonable restrictions upon the future activities of the Defendants, including, but not limited to, prohibiting them from asserting any interest, legal or equitable, in the former property of Weatherly Aircraft Company

• Ordering the Defendants to each return to Weissman all former property of Weatherly Aircraft Company, which they have taken from it

130.

Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover his costs of litigation and investigation in connection with this matter.

131.

Weissman has suffered an injury to his business or property by the actions of Defendants in conspiring through the use of a fabricated warehouse sale and other fraudulent acts to secure the type certificates properly owned by Weissman. Said conspiracy to take the type certificates and other personal property of Weissman constitutes a concrete financial loss as set forth in the RICO statute.

132.

The acts of Cheokas, Williams and SFA constitute predicate acts, constituting a pattern of racketeering activity.

133.

Cheokas, Williams and SFA, by participating in an "enterprise," as defined in the Act, conducted operations affecting interstate or foreign commerce, by attempting to sell and ship the personal property of Weissman after conspiring, through a fraudulent warehouse sale, and other acts of fraud to procure said property, and after procuring the property, shipping the property from Georgia to Louisiana and other locations.

134.

Weissman, as a result of the conspiracy and predicate acts of Defendant Cheokas, and Co-conspirators Williams and SFA, suffered damages as a result of those concerted actions, in an amount to be proven at trial.

135.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendant Cheokas, the Co-Conspirators, enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any

way.

136.

The conduct of the Defendant Cheokas and the Co-conspirators was intentional, and done for the purpose of depriving Defendant and Counterclaim Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008 of his exclusive right to possession and use of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, thereby entitling him to recover punitive damages from the Defendant Cheokas.

## EIGHTH CAUSE OF ACTION GEORGIA RICO CLAIM
### (Georgia RICO (O.C.G.A. § 16-14-4(a))

### The Racketeering Violation

137.

Weissman incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

138.

The Defendant Cheokas and the Co-conspirators have acquired personal property, directly and indirectly, through a pattern of racketeering activity

consisting of (1) theft by taking, in violation of O.C.G.A. § 16-8-2, (2) theft by deception, in violation of O.C.G.A. § 16-8-3, (3) theft by conversion or receipt of stolen goods, in violation of O.C.G.A. § 16-8-4, 16-8-7 (4) Securities Fraud, (5) theft of trade secrets in violation of O.C.G.A. § 10-1-76 *et seq.*, (6) Computer Fraud in violation of 18 U.S.C. §. Section 1030 *et seq.*, and (5) Honest Services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

## <u>The Pattern of Racketeering Activity</u>

### A.    **Theft by Taking** (O.C.G.A. § 16-8-2)

139.

Defendant Cheokas and the Co-conspirators have repeatedly engaged in theft by taking in violation of § 16-8-2. Theft by taking constitutes racketeering activity under O.C.G.A. § 16-14- 3(9)(A)(ix).

140.

Defendant Cheokas and the Co-conspirators committed theft by taking by unlawfully taking, or being in lawful possession thereof, or unlawfully misappropriating the property of Weatherly Aircraft Company and Weissman, with the intention of depriving Weatherly Aircraft Company and Weissman of that property. The property of Weatherly Aircraft Company and Weissman unlawfully taken or misappropriated by the Defendants includes:

- The Weatherly Aircraft Confidential Information and Type Certificate

Data (as defined in paragraph 84 above)

- The documents evidencing the issuance of Type Certificates A26WE and related certificates

- The Aircraft Manufacturing Equipment owned by Weatherly Aircraft Company, including the tooling used to fabricate the aircraft

- The inventory, including raw materials, work in process, finished goods and parts owned by Weatherly Aircraft Company

- The personal property used by Weatherly Aircraft Company in its business

- The business records of Weatherly Aircraft Company

- The computer data of Weatherly Aircraft Company

**B.     Theft by Deception** (O.C.G.A. § 16-8-3)

141.

Defendant Cheokas and the Co-conspirators obtained property of Weatherly Aircraft Company and Weissman, by deceitful means and artful practices, creating and confirming versions and making statements of existing facts which were false and which the Defendant Cheokas and the Co-conspirators knew or believed to be false, and concealing or preventing others, including Weatherly Aircraft Company, Weissman, this Court and the Federal Aviation Administration, and third persons

from acquiring information pertinent to the truth of existing facts.

142.

This conduct includes, but is not limited to, the following transactions:

- the 2007 Fraudulent Warehouse Sale

- the Fraudulent Claims to the Federal Aviation Administration since at least 2008 regarding ownership and licensing rights in Type Certificate A26WE and related certificates

- the 2009 Fraudulent Transfer of Weatherly Aircraft Company assets from Williams to WAN

- the 2009 Conversion of the Weatherly Aircraft Company assets

- the 2009 receipt of Converted Assets

- the 2009 Fraudulent Claim that WAN holds the Type Certificates to Weatherly aircraft

- the 2009 Sale of Weatherly Aircraft Company Parts to Weatherly Aircraft Company customers

- the 2009 Sale of "Bogus" Unapproved Parts for Weatherly aircraft under false claim of ownership or license of Type Certificate A26WE

- the 2009 Fraudulent Transfer of the Assets Shipped to Williams and SFA and the Converted Assets to NAFTAA

- this 2010 Fraudulent Declaratory Judgment Action

C.      **Theft by Conversion** (O.C.G.A. § 16-8-4).

143.

Williams and SFA, having lawfully received the property of Weatherly Aircraft Company, and being under an Agreement with Remington Partners and known legal obligation to hold that property for Weatherly Aircraft Company and Remington Partners, in concert and conspiracy with Defendant Williams and the remaining Co-conspirators, knowingly converted those proceeds to their own use.

144.

The Defendant Cheokas, directly or through the Co-conspirators further converted other assets of Weatherly Aircraft Company and Weissman.

145.

The Defendant Cheokas, directly or through the Co-conspirators committed theft by conversion, including receipt of converted or stolen goods, with regard to at least the following property:

- The Weatherly Aircraft Confidential Information and Type Certificate Data (as defined in paragraph 84 above)

- The documents evidencing the issuance of Type Certificates A26WE and related certificates

- The Aircraft Manufacturing Equipment owned by Weatherly Aircraft

Company, including the tooling used to fabricate the aircraft

- The inventory, including raw materials, work in process, finished goods and parts owned by Weatherly Aircraft Company

- The personal property used by Weatherly Aircraft Company in its business

- The business records of Weatherly Aircraft Company

- The computer data of Weatherly Aircraft Company

   **D.     Theft of Trade Secrets** (O.C.G.A. § 10-1-761)

The Defendant Cheokas, directly or throuhg the Co-conspirators committed theft of trade secrets with regarding to at least the following property:

- The Weatherly Aircraft Confidential Information and Type Certificate Data (as defined in paragraph 91 above)

   **E.     Securities Fraud (O.C.G.A. § 10-5-24)**

146.

The Co-conspirators Gannett, Magnus and Corline have willfully violated § 10-5-24 by:

- Selling securities employing a device, scheme, or artifice to defraud;

- Making untrue statements and material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading; and

•        Engaging in acts, practices, and courses of business that operated as a fraud or deceit.

147.

The Co-conspirtors Gannett, Magnus and Corline's violations of the Georgia Securities Act of 1973 constitute racketeering activity pursuant to O.C.G.A. § 16-14- 3(9)(xxi).

F.       **Honest Services Fraud (U.S.C. §§ 1343, 1346)**

148.

The WAN/NAFTAA Co-conspirators, using facilities of interstate communication, specifically long distance telephone and interstate electronic communications, attempted to deprive Weatherly Aircraft Company of the honest services of persons owing it obligations of loyalty by offering and making payments ("bribes") to transfer the Assets Transferred by Williams and the Converted Assets to WAN and NAFTAA.

149.

This conduct constituted attempts to commit honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346.

150.

The Defendant Cheokas and the Co-conspirators' conduct constituted racketeering activity under O.C.G.A. § 16-14-3(9)(A)(xxix).

## Injuries To Weissman Proximately Caused By the Defendant Cheokas and the Co-Conspirators' RICO Violations.

### 151.

The Defendant Cheokas and the Co-conspirators engaged in acts of racketeering activity since at least 2007.

### 152.

Weissman discovered or could have discovered some of the facts related to those acts of racketeering activity that occurred prior to or in the first seven months of 2009, but the true facts related to, and the extent of the property taken or misappropriated during the course of, those unlawful acts were actively concealed and were not known by Weissman prior to and during the first seven months of 2009. These true facts related to, and the extent of the property taken or misappropriated during the course of, those unlawful acts prior to and during the first seven months of 2009 ("the Previously Concealed and Unknown True Facts and Extent of Unlawful Conduct") were actively concealed from and not known by Weissman prior to or during the first seven months of 2009. Other acts of racketeering activity occurred during or after the first seven months of 2009, and continue to occur to this date (the "2009 and Subsequent Continuing Wrongful Acts").

153.

The Previously Concealed and Unknown True Facts and Extent of Unlawful Conduct and the 2009 Subsequent and Continuing Wrongful Acts are themselves related and sufficient to constitute a pattern of racketeering activity. These acts of racketeering activity also caused new and independent injuries to Weissman, separate and apart from any injuries which Weissman discovered or could have discovered prior to or in 2009.

154.

The Defendant Cheokas and the Co-conspirators acquired property through this pattern of racketeering activity.

155.

This pattern of racketeering activity proximately caused new and independent injuries to Weissman.

156.

Weissman's injuries flowed directly from acts of racketeering activity that constitute part of this pattern of racketeering activity.

**<u>Relationship Between the Predicate Acts of Racketeering Activity</u>**

157.

Defendant Cheokas and the Co-conspirators engaged in said conduct through an associated-in-fact enterprise consisting of the Defendant and others.

Said enterprise (i) shared the common purpose of misappropriating property of Weatherly Aircraft Company and Weissman for their own financial benefit and to the detriment of Weatherly Aircraft Company and Weissman; (ii) had continuity of structure and participants throughout the period during which Weatherly Aircraft Company and Weissman were injured; and (iii) had an ascertainable structure distinct from that inherent in racketeering activity. Defendants engaged in this enterprise for the purpose of enriching themselves at the expense of Weissman.

159.

Evidence of a core agreement is outlined above which demonstrates the existence and nature of a specific agreement between the members of this conspiracy.

159.

The course of conduct of the enterprise, which is furthered by violation of the predicate acts outlined above, is the conversion or theft of property rightfully owned and intended for use in the manufacture of aircraft and parts for commercial sale by Weissman in the marketplace.

160.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar intents in that they sought to obtain

property from Weatherly Aircraft Company and Weissman through illegal means.

161.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar results in that the Defendant Cheokas and the Co-conspirators did obtain property from Weatherly Aircraft Company and Weissman through illegal means.

162.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar victims, including Weatherly Aircraft Company and Wiessman who have been victimized by the Defendant Cheokas and the Co-conspirators through fraudulent transactions.

163.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators have the same or similar methods of commission in that they involve theft and related acts of racketeering activity committed in furtherance of a scheme to obtain property from Weatherly Aircraft Company and Weissman through illegal means.

164.

The acts of racketeering activity committed by the Defendant Cheokas and the Co-conspirators are interrelated by distinguishing characteristics and are not

isolated incidents in that the acts involve the same or similar misrepresentations, the same or similar methods of commission, the same or similar financial benefits to the Defendant Cheokas and the Co-conspirators, and the same or similar efforts to conceal their misconduct.

165.

Weissman has been injured by reason of the Defendant's violation of O.C.G.A. § 16-14-4(c) and is entitled to recover three times the actual damages sustained.

166.

In addition, the Defendant Cheokas and the Co-conspirators' actions show willful misconduct, breach of fiduciary duty, malice, fraud, wantonness, oppression, and an entire want of care that raises the presumption of conscious indifference to consequences and specific intent to cause harm, entitling Weissman to receive punitive damages sufficient to deter, penalize or punish the Defendants in light of the circumstances of the case.

167.

As a direct, foreseeable, and proximate result of Defendant Cheokas and the Co-conspirators' racketeering activities and/or the use and investment of racketeering income, Plaintiff has suffered damages in an amount to be determined

at trial.

168.

Weissman is an aggrieved person within the meaning of O.C.G.A. § 16-14-6.

169.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

170.

Pursuant to O.C.G.A. § 16-14-6, Weissman asks the Court to issue appropriate

orders and judgments including, but not limited to:

•      Imposing a constructive trust over all assets improperly obtained by the Defendant Cheokas, and other Co-Conspirators and those acting in concert and combination with them, through racketeering activity, including, but not limited to, the proceeds of all sales of any assets

•      Ordering the Defendants to divest themselves in any interest in any of the former property of Weatherly Aircraft Company

•      Imposing reasonable restrictions upon the future activities of the Defendants, including, but not limited to, prohibiting them from asserting any interest, legal or equitable, in the former property of Weatherly Aircraft Company

•      Ordering the Defendant Cheokas, and other Co-Conspirators and those acting in concert and combination with them, to each return to Weissman all former property of Weatherly Aircraft Company, which they have taken from it

171.

Pursuant to O.C.G.A. § 16-14-6(c), plaintiff Weissman is entitled to recover his attorneys' fees in the trial and appellate courts, and his cost of investigation and litigation reasonably incurred.

## NINTH CAUSE OF ACTION
## WRONGFUL FORECLOSURE AND BREACH OF SELF STORAGE STATUTE

172.

Plaintiff incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

173.

Cheokas did not comply with the Georgia Self Storage Facility Act resulting in a wrongful foreclosure.

174.

Because of Cheokas' violation of the Georgia Self Storage Facility Act, Weissman suffered consequential damages in amounts to be shown at trial.

175.

Cheokas conduct was intentional, and done for the purpose of depriving Weatherly Aircraft Company and all those having an interest in the assets of Weatherly Aircraft Company, including Defendant and Counterclaim Plaintiff Weissman, as assignee of Remington Partners in the Remington/Weatherly Aircraft Company Security Agreement, and as owner of the Foreclosed Assets following the Foreclosure Sale on September 29, 2008, of his exclusive right to possession and

use of the Assets Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, thereby entitling him to recover punitive damages from the Defendants.

## TENTH CAUSE OF ACTION
## COMPUTER FRAUD

### 176.

Plaintiff incorporates the allegations set forth in paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

### 177.

The WAN/NAFTAA Co-conspirators have unlawfully converted and accessed computers and have obtained computer data stored on computers of Weatherly Aircraft Company in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(4) and (g).

### 178.

Weissman has been damaged as a result of the conversion of the computers and computer data of Weatherly Aircraft Company and is entitled to recover damages from the WAN/NAFTAA Co-conspirators proximately caused by their conduct in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(4) and (g).

179.

Weissman has been and continues to be irreparably injured by the continued deprivation of the Assets Secured by the Remington/Weatherly Aircraft Company Security Agreement, and is entitled to a mandatory injunction compelling the Defendants to return all of the Assets to him and requiring that (a) any documents, including copies or electronic data included in the Assets, and (b) any other information related to the Assets (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as "the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against all Defendants enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way.

## ELEVENTH CAUSE OF ACTION
## ATTORNEYS' FEES AND LITIGATION EXPENSES PURSUANT TO O.C.G.A SECTION 13-6-11

180.

Counterclaim Plaintiff Weissman incorporates by reference the allegations of

paragraphs 1 through 15, 22 through 24, and 45 through 46, as if fully set forth herein.

181.

Defendants have acted in bad faith and caused Weissman unnecessary trouble and expense, and Weissman is therefore entitled to recovery of attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 and other applicable law.

## JURY DEMAND

Plaintiff Weissman hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

That judgment be rendered in favor of Plaintiffs on all counts and on all claims set forth in this Complaint;

For a mandatory injunction compelling the Defendant Cheokas and the Co-conspirators, and all those acting in concert and combination with them, to return all of the former Assets of Weatherly Aircraft Company to Plaintiffs and requiring that (a) any documents, including copies or electronic data included in the former Assets of Weatherly Aircraft Company, and (b) any other information related to the former Assets of Weatherly Aircraft Company (including but not limited to copies, memoranda, notes or electronic data of any kind containing or referring to any of the information related to the Assets) (collectively referred to as

"the Weatherly Aircraft documents and information"), be turned over to him and for the entry of an injunction against Defendant Cheokas and the Co-conspirators, enjoining them, and all those persons or entities acting in privy or concert with them, from continuing to retain or make copies of any of the Weatherly Aircraft documents and information, or from distributing any of the Weatherly Aircraft documents and information to any other person or entity, or from using any of the Weatherly Aircraft documents and information in any way. Weissman asks the Court to issue appropriate orders and judgments including, but not limited to:

That a constructive trust be impose over all assets improperly obtained by Defendant Cheokas and the Co-conspirators, through racketeering activity, including, but not limited to, the proceeds of all sales of any assets

That an order be entered requiring the Defendant Cheokas and the Co-conspirators to divest themselves in any interest in any of the former Assets of Weatherly Aircraft Company

That an order be entered imposing reasonable restrictions upon the future activities of the Defendant Cheokas and the Co-conspirators, including, but not limited to, prohibiting them from asserting any interest, legal or equitable, in the former Assets of Weatherly Aircraft Company

That an order be entered requiring the Defendant Cheokas and the Co-conspirators to each return to Weissman all former Assets of Weatherly Aircraft

Company, which they have taken from it

That the Defendant Cheokas and the Co-conspirators be enjoined from any representation of any ownership, connection, affiliation, license or authorization relating to Weatherly Aircraft, or any of its successors in interest using the name Weatherly, in relation to the sale of any goods or services.

That the Defendant Cheokas and the Co-conspirators be required to render a full accounting for any profits from any of their activities related to the purchase, sale or use of any of the former Assets of Weatherly Aircraft Company Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement, including, but not limited to Type Certificate A26WE and any related certificates, and disgorge those profits by payment to Weissman, the rightful owner of the Assets of Weatherly Aircraft Company pursuant to the assignment of the Weatherly Aircraft Company/Remington Partners Security Agreement and the purchase of those assets at the Foreclosure Sale on September 29, 2008.

That Plaintiffs be awarded nominal damages against Defendant Cheokas.

That Weissman be awarded direct and consequential damages against the Defendant Cheokas and Co-conspirators for conversion, including but not limited to the damages to the former Assets of Weatherly Aircraft Company, lost profits from the damage, loss or lack since at least as early as 2009 of unclouded, right, title and interest to Type Certificate A26WE and the lack of access to the

Weatherly Aircraft Company Confidential Information and Type  Certificate Data, as well as other personal property, tangible and intangible, of Weatherly Aircraft Company, reasonable attorneys' fees and costs of litigation incurred in recovering from  third  parties  the former Assets of Weatherly Aircraft Company Secured by the Weatherly Aircraft Company/Remington Partners Security Agreement;

That Weissman be awarded a reasonable royalty from the date any of the former Assets  of Weatherly Aircraft Company were converted by Defendant Cheokas to the present;

That Weissman be awarded treble damages against RICO Defendant Cheokas for any and all damages cognizable and recoverable in this action under either the Federal or Georgia RICO statutes

That Weissman be awarded his costs of suit incurred in defense of this action;

That Weissman be awarded his costs and attorneys' fees as allowed by law; That Weissman be granted such other relief as the Court deems proper.

That Weissman have trial by jury of all issues so triable.

Dated:  December 8, 2017.

Respectfully submitted,

**TAYLOR ENGLISH DUMA LLP**

*/s/ Donald R. Andersen*
Donald R. Andersen Georgia Bar No. 016125
dandersen@taylorenglish.com

1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
Telephone:  (770) 434-6868
Facsimile:     (770) 434-7376

*Attorneys for Plaintiff*