IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| Mark D. Weissman and Weatherly Aviation Company, Inc., a Delaware Corporation, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO. 1:17-cv-00220-WLS |
| | : | |
| Michael Cheokas | : | |
| Defendant | : | |

## **MOTION TO DISMISS**

COMES NOW Defendant, MICHAEL CHEOKAS by and through the undersigned counsel and files this, his Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In support thereof, Defendant provides the following memorandum of points and authorities.

### **INTRODUCTION AND STATEMENT OF THE ALLEGED FACTS**

In their voluminous complaint, Plaintiffs set forth facts which in large part do not involve Defendant but instead relate to third parties unknown to Defendant and who are not parties to the instant action. Therefore those facts which relate to these third parties are outside of the scope of this litigation and need not be addressed. However, the facts as they relate to Defendant are as follows:

Plaintiffs allege that in March, 2007 Defendant, Frankie Williams and Souther Field Aviation fraudulently entered into a rental agreement for the storage of certain assets in an abandoned factory owned by Defendant.

Plaintiffs allege that Defendant and co-conspirators claimed certain rent was due from Weatherly Aircraft under the rental agreement and arranged for a foreclosure sale in October of 2007. The property in question was purchased by Williams at the sale for the sum of $15,000.00 being the amount of unpaid rent owed to Defendant. Plaintiffs claim that Defendant failed to provide proper notice of that sale. Plaintiffs claim that Defendant then fraudulently transferred equipment to Frankie Williams and concealed same from Plaintiffs.

Plaintiffs allege that after the foreclosure sale in October of 2007, that Weatherly Aircraft Company arranged through the third party, Chris French, to pay Williams $100,000.00 for the return of said property.

On or about May 22, 2008, well after Defendant's involvement was concluded, Plaintiffs allege that Weatherly Aircraft shipped additional property, including certain drawings for aircraft which included Type Certificate A26WE and other confidential documents containing trade secrets.

Subsequently, Plaintiff Weissman purchased all tangible and intangible assets of Weatherly Aircraft Company. Thereafter, Plaintiffs allege that Frankie Williams and various other co-conspirators not named in this lawsuit arranged to transfer certain Weatherly Aircraft Company asset to a facility in Louisiana.

Plaintiffs allege that certain parties conspired to take possession of Type Certificate A26WE certificates and other related certificates. Thereafter various co-conspirators attempted to manufacture and sell parts covered by those certificates. Plaintiffs claim that co-conspirators filed a fraudulent Declaratory Judgment Action seeking to establish ownership of Weatherly Aircraft Company assets. Finally, Plaintiffs allege that co-conspirators made fraudulent claims to the Federal Aviation Administration regarding the issued Type Certificates.

Plaintiffs' statement of facts consist of roughly twenty pages, -most of which pertains to parties other than the Defendant named herein.

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S.544, 555 (2007). More specifically, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level." United Techs. Corp. v. Mazer, 556 F.3d 1270 (11th Cir. 2009) (quoting Twombly supra). Further, when alleging that a defendant has committed fraud, "a party must state with particularity the circumstances constituting fraud". Fed R. Civ P. 9(b).

# ARGUMENT

Plaintiffs Complaint contains eleven (11) causes of action against Defendant, Cheokas. Defendant shows that all of Plaintiffs' claims fail inasmuch as they are not brought within the applicable statute of limitations for said causes of action. Notwithstanding the fact that Plaintiffs' claims are barred by the applicable statutes of limitation, their claims also fail substantively as is discussed extensively below.

Plaintiffs' complaint seems to assume that this action will be joint with a previously filed action, 1:15cv-0040, inasmuch as it makes reference to multiple defendants not parties to this action. Further, nearly all of the claims against Defendant make extensive reference to parties not a part of the instant action. Plaintiffs should not be allowed to presume upon the Court in such a manner.

While Plaintiffs allege that they have suffered in an unknown amount to be determined by a jury, they admit in paragraph 17 of their complaint that Weatherly Aircraft arranged through a third party to pay Frankie Williams a total of $100,000.00 for the repurchase of the allegedly misappropriated assets. Therefore, even if Plaintiffs have a viable cause of action, their damages would be no more than the $100,000.00 it cost to recover the property. Finally, any injunctive relief sought by Plaintiffs must fail.

## I. PLAINTIFFS' FRAUD CLAIMS AGAINST DEFENDANT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND ARE WITHOUT MERIT

Plaintiffs make two separate fraud claims against Defendant in paragraphs 47 through 65 of their complaint. Defendant shows that said claims against Defendant are barred by the applicable statute of limitations on fraud.

Plaintiffs bring their fraud claims alleging monetary damages rather than personal injury. Therefore, Plaintiffs fraud claims against Defendant are to be construed as injuries to personalty and are therefore governed by the four year statute of limitations as set forth in O.C.G.A. § 9-3-31. Godwin v. Mizpah Farms, 330 Ga. App. 31 (2014); Hendry v. Wells, 286 Ga. App. 774(2007). The limitations period begins to run upon a wrongful act accompanied by appreciable damage. Hendry at 774. Any subsequent injuries alleged by Plaintiffs do not alter or extend the limitations period. Id. at 780-781.

While O.C.G.A. § 9-9-36 tolls the statute of limitations until the discovery of the fraud, Plaintiffs complaint makes no mention as to when the alleged fraud of Defendant was discovered but Plaintiffs had knowledge of the sale of the assets well before they arranged their repurchase in May of 2008. Inasmuch as all of the allegations relating to Defendant Cheokas are well over four years old, there is no reason to believe that any alleged fraud could not have been discovered prior to the statute of limitations expiring and Plaintiffs set forth no argument as to same in their Complaint.

Even if Plaintiffs' fraud claims against Defendant are not barred by the applicable four (4) year statute of limitations, they surely fail substantively.

In order to set forth a prima facie case for fraud, Plaintiffs must show as follows:

1.) That defendant made a false representation of a material fact or concealed a material fact when under a duty to disclose; 2.) That defendant knew the representation to be false or the omission to be true when he made it; 3.) That defendants made the representation or omission with

5

the intent and purpose of deceiving plaintiffs; 4.) That plaintiff relied on the representation or omission; and, 5.) That plaintiffs suffered an injury as a result of such reliance. <u>McClendon v. Galloway,</u> 116 S.E.2d 208 211(Ga. 1960).

In support of their fraud claims against Defendant, Plaintiffs point to the following allegedly false statements made by Defendant:

a. Stating there was a rental agreement as to the stored assets;

b. That the abandoned shirt factory in which stored assets were kept was a self storage facility as defined by O.C.G.A. § 10-4-211(6);

c. That Weatherly Aircraft had been provided notice of the alleged default in rent;

d. That the notice of default was sent to a valid address;

e. That Defendants Cheokas and Williams had the right to foreclose and;

f. That Williams was a bona fide purchaser for value.

Despite Plaintiffs lengthy discussion of the above-stated alleged misstatements, in reality there were no such false statements made by Defendant.

As it relates to the rental agreement, Defendant entered into a rental agreement with Frankie Williams. Said agreement was entered into in March 2007. A copy of same is attached hereto as Exhibit "A". The Agreement clearly states that Frankie Williams was entering into the Agreement as an agent of Gary Beck and Weatherly Aircraft. Even if Frankie Williams was not an agent and had no actual authority to act on behalf of Weatherly Aircraft, he had apparent authority. Further bolstering the fact that there was a rental agreement is the fact that Weatherly Aircraft delivered goods to the facility as is evidenced by multiple bills of lading attached hereto as Exhibit "B". It

6

stands to reason that Weatherly Aircraft would not have shipped goods to a warehouse in which there was no agreement to store such goods.

Apparent authority to do an act is created as to a third person when the statements or conduct of the alleged principal consents to have the act done on his behalf by the apparent agent. Augusta Surgical Center, Inc., v. Walton & Heard Office Venture, 508 S.E. 2d 283 (1998). The mere fact that Frankie Miller signed a document in which he expressly writes that he is acting on behalf of Weatherly Aircraft certainly would have given Defendant, a third party, reason to believe that Frankie Williams was an agent of Weatherly Air. Further, Defendant has testified in prior deposition testimony in 1:15cv-0040 that he believed Frankie Williams had authority act on behalf of Weatherly Aircraft. *Cheokas Deposition pg. 32. L. 3-10.* Therefore, Plaintiff's arguments fail as it relates to the rental agreement. Although not mentioned in their fraud claim against Defendant, Plaintiffs state in their statement of facts that Defendant fraudulently back-dated a rental agreement. However, even if the rental agreement was back-dated that does not constitute fraud on the part of the part of Defendant inasmuch as it would merely reflect an existing oral agreement between Weatherly Aviation Company and Defendant. See Beverly Enterprises, Inc. v. Fredonia Haven, Inc. 825 F.2d 374 (11th Cir. 1987). After Williams purchased the property at the warehouse sale, Defendant and Williams entered into a month to month rental agreement. Said agreement was not a written agreement but an oral agreement. *Cheokas Deposition pg. 66, L. 14-21.* Therefore, the only reasonable conclusion is that if the agreement at issue was backdated that it was backdated memorializing a prior oral agreement.

Plaintiffs seem to argue that the abandoned shirt factory in which stored assets were kept was not a self-storage facility as defined by O.C.G.A. § 10-4-211(6). Said code section defines a self-storage facility as follows:

7

> "Self-service storage facility" means <u>any real property</u> designed and <u>used for the purpose of renting</u> or leasing <u>individual storage space to occupants who are to have access to such for the purpose of storing and removing personal property</u>. No occupant shall use a self-service storage facility for residential purposes. A self-service storage facility is not a warehouse within the meaning of Article 1 of this chapter known as the "Georgia State Warehouse Act" and the provisions of the law relative to bonded public warehousemen shall not apply to the owner of a self-service storage facility A self-service storage facility is not a safe-deposit box or vault maintained by banks, trust companies or other financial entities. (Emphasis supplied)

A reading of the statute clearly shows that the facility used to store the property at issue in this action meets the definition as provided in the code section inasmuch as individual storage space was leased and Plaintiffs and their apparent agent admittedly had access to and from the facility.

Plaintiffs allege that Cheokas made misleading statements by claiming that Weatherly aircraft had been sent notice of default to a valid address. Acting as agent for Weatherly Aircraft, Frankie Williams provided Defendant with an address. Cheokas then relied on the representations made by Weatherly Aircraft's agent or apparent agent Williams in sending notice to the address as provided to him. *Cheokas Deposition pg. 50-55.* Defendant also confirmed this address through Weatherly Aircraft's website. *Id.* Finally, the address to which Defendant sent notice (see a copy of the envelope bearing the address to which notice was sent attached as Exhibit "C"). was the same address contained on Plaintiffs' bills of lading.

Plaintiffs allege that Defendant had no right to foreclose upon the property. However, Defendant had not received rent per the terms of the rental agreement. Defendant then sent notice as is required by law to the address provided to him by Cheokas. Being the same address from which the stored goods were shipped by Plaintiffs. Following the sending of such notice Cheokas

8

conducted a sale of the items located in the facility. As a result of that sale, Cheokas received only the amount owed to him in unpaid rent.

Whether Frankie Williams is a bona fide purchaser for value is not an issue that is before this Court. Certainly, Plaintiffs have set forth no facts which would indicate that Frankie Williams was not acting in good faith when he was purchasing the property and more importantly that Defendant would have any idea that Mr. Williams was not acting in good faith at the time of the purchase.

Plaintiffs conclude their discussion of fraud in paragraphs 57-65 of their complaint. Essentially, Plaintiffs claim that Defendant conspired with multiple parties not named in this lawsuit and in so doing committed fraud which has caused irreparable damage to Plaintiff. However, because as is set forth above, Defendant's fraud claims against Defendant must fail both procedurally and substantively, so must any claim for conspiracy after the alleged fraud. Plaintiffs seek to attribute actions to Defendant long after Defendant's involvement with Plaintiffs ceased.

Finally, Plaintiffs' claims as they relate to injunctive relief must fail inasmuch as the underlying relief sought by Plaintiffs must fail.

## II. **PLAINTIFFS' CONVERSION CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND IS WITHOUT MERIT**

Actions for recovery of personal property, or for damages for the conversion or the destruction of same shall be brought within four years after the right of action accrues. O.C.G.A. 9-3-32. The right to action accrues as of the date of the conversion. Rigby v. Flue-Cured Tobacco Co-op. 357 Ga. App. 322, 323 (2014). Any alleged conversion would have occurred in 2007 at the time of the foreclosure sale. Inasmuch as Plaintiffs have brought their complaint some ten years later their claim must fail.

Plaintiffs claim that either Defendant has converted property or received stolen property in violation of O.C.G.A. 16-8-7. However, Plaintiffs complaint fails to establish either. O.C.G.A. 16-8-4 states: A person commits the offense of theft by conversion when having lawfully obtained funds or other property of another, including but not limited to leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or specified disposition of such property he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

It appears that on one hand Plaintiffs seek to argue that there was no agreement between Defendant and Weatherly Aircraft and that Cheokas never had legal possession or the right to foreclose upon the subject property. Yet now they seek to make a claim for conversion which by definition requires that Defendant had lawfully obtained possession of the property under an agreement or other legal obligation. Plaintiffs contradict themselves. Plaintiffs seek to argue fraud on the basis that there was no agreement yet in order to pursue a claim for conversion against Defendant they must admit that Defendant legally had possession of the property. Out of necessity either their fraud claim or their conversion claim must fail the two cannot be reconciled so as to pursue both in the same action.

In order to bring a successful claim for conversion, Plaintiffs must show a demand for possession, a refusal by Defendant and finally must show the value of the property. See City of College Park v. Sheraton Savannah Corp., 509 S.E.2d 371. Plaintiffs make no attempt to argue that they ever demanded a return of property from Defendant or that there was ever any refusal. Further, Plaintiffs make no effort to show the value of the property in issue as they have never alleged any dollar value to the assets which were in Defendant's possession. Therefore, Plaintiffs claim for conversion must fail.

Finally, to the extent that Plaintiffs allege that Defendant has converted trade secrets that claim must fail inasmuch as it is superceded by the Georgia Trade Secrets Act. Penalty Kick Management Ltd. v. Coca-Cola Co., 313 F.3d 1284 (11th Cir. 2003).

In the alternative, Plaintiffs allege that Defendant received assets in violation of O.C.G.A. 16-8-7. Said code section requires that Defendant "receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received with the intent to restore it to the owner. Inasmuch as the property in question was shipped by Plaintiffs to Defendant's building after arrangements were made by the Plaintiff's agent for same it was clearly not received with the knowledge that it was stolen. Since the property was purchased by Frankie Williams who then sold said property in 2008, Plaintiffs cannot now argue that Defendant disposed of or retained knowingly stolen property. Further, as stated above, Plaintiffs have alleged no fact whatsoever that would show Defendant did not have a good faith belief that Frankie Williams was an agent of Plaintiffs. Nor have they alleged any facts which would alter that belief so that after receiving no rental payments he would have sent notice to any address other than the address provided by Plaintiffs' agent or apparent agent. None of Plaintiff's allegations or conclusions support the requirement that Defendant knew that property stored in his warehouse was stolen.

### III. PLAINTIFFS CLAIMS FOR THEFT AND MISAPPROPRIATION OF TRADE SECRETS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND ARE WITHOUT MERIT

Plaintiffs fourth cause of action is found in paragraphs 70 through 79 of their complaint, is for theft and misappropriation of trade secrets. O.C.G.A. 10-1-766 provides as follows:

"An action for misappropriation must be brought within five years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this code section, a continuing misappropriation by any person

constitutes a single claim against that person, but this Code section shall be applied separately, to the claim against each person who receives a trade secret from another person who misappropriated that trade secret."

The foreclosure purchase occurred in October 2007. Plaintiff was aware that Frankie Williams had purchased the property at the latest by the time of the French Deal in December, 2007. The instant action was not filed until December, 2017, long after the statute of limitations had expired.

Plaintiffs' claim against Defendant fails not only procedurally but also substantively. O.C.G.A. 16-8-3(b) states:

> Any person who, with the intent to deprive or withhold from the owner thereof the exclusive use of a trade secret, or with an intent to appropriate a trade secret to his or her own use or the use of another does any of the following:
> (1) Takes, uses, or discloses such trade secret to an unauthorized person;
> (2) Acquires knowledge of such trade secret by deceitful means or artful practice; or
> (3) Without authority, makes or causes to be made a copy of an article representing such trade secret...

Plaintiffs admit in Paragraph 19 of their complaint that Type A26WE Certificates were not shipped until May 22, 2008, several months after Defendant conducted the foreclosure sale. Defendant never attempted to sell the certificates, and **in fact never had the alleged trade secrets in his possession**. Plaintiffs do not claim that Defendant ever made or ever caused there to be made copies of the alleged trade secrets. In fact, Plaintiffs' discussion of misappropriation of trade secrets is in large part a discussion of actions of those not known to Defendant and are not parties to the instant action. Plaintiff makes conclusory and unfounded accusations that Defendant is in conspiracy with these third parties.

## IV. PLAINTIFFS' CLAIM FOR CONSPIRACY IS WITHOUT MERIT INASMUCH AS CONSPIRACY IS NOT AN INDEPENDENT CAUSE OF ACTION

A claim for civil conspiracy does not furnish a separate cause of action and is not an independent cause of action. Cook v. Robinson, 215 Ga. 328 (1960). A conspiracy cause of action is dependent on the underlying tort claims. Mills v. Mosely, 50 Ga. App. 536, 538. Inasmuch as Plaintiffs' underlying tort claims must fail so must their claim for conspiracy. Further defendant has testified that besides Williams, he does not know his alleged co-conspirators. *Cheokas Deposition pg. 74-75.*

## V. PLAINTIFFS' CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND IS WITHOUT MERIT

Tortious interference is a claim brought in personalty and not injury to the person, therefore a four year statute of limitations should apply in the instant action. Inasmuch as any interference by Cheokas would have occurred in 2007, Plaintiffs seek to bring this claim after the statute of limitations has run.

In order to be successful in a claim for tortious interference the plaintiff must show that Defendant: 1) acted improperly and without privilege, 2) Acted purposely, with malice and the intent to injure, 3) Induced a third party or parties not to continue a business relationship with Plaintiffs, and finally 4) that Plaintiffs suffered financial injury as a result. White v. Shamrock Building Systems Inc., 669 SE2d 168 (2008).

To show improper means, Plaintiffs must show that Defendant used "predatory tactics such as physical violence, fraud or misrepresentation, defamation, use of confidential information, abusive civil suits and unwarranted criminal prosecutions." American Bldgs. Co. v. Pasco Bldg.

13

Systems, 392 S.E.2d 860 (1990). Evidence of improper means must be conclusive and not merely speculative. Watkins 516 S.E.2d at 347.

Plaintiffs have failed to allege that Defendant has used physical violence, defamation, use of confidential information, abusive civil suits or unwarranted civil prosecutions. For the reasons set forth above in discussing fraud, it is also clear that Defendant has not acted fraudulently.

Plaintiffs are also required to show that Defendant acted maliciously. "The act is malicious when the thing done is with the knowledge of the plaintiff's rights and with the intent to interfere therewith". Architectural Mfg. Co. v. Airotec Inc., 166 S.E.2d 744, 747 (1969). In their lengthy complaint Plaintiffs make no allegation that Defendant had any knowledge of any purchase of assets by Plaintiff Weissman at the time Defendant entered into the rental agreement in question. Nor do they allege or would he have any means to have known of such an arrangement at the time of the foreclosure sale in October of 2007. If Defendant had no knowledge of Plaintiff Weissman's arrangement and Frankie Williams' prohibition on entering into a contract then he could not have acted with malice. Plaintiffs choose to simply state the conclusion rather than any facts on which to base the allegation.

Finally Plaintiffs must show that Defendant's actions caused some third party to forego business relationships with Plaintiffs. Plaintiffs merely make a general statement to that effect and fail to show with any specificity what prospective business relations Plaintiff Weissman has lost as a result of Defendant's actions. Once again Defendant is lumped in with third parties not parties to the instant action without evidence of any specific actions by Defendant that interfered with contractual relationships.

## VI. **PLAINTIFFS' FEDERAL AND STATE RICO CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION AND ARE WITHOUT MERIT**

Plaintiffs' seventh and eighth claims against Defendant are federal and state RICO claims. Both claims are barred by the applicable statutes of limitation. Federal RICO claims must be brought within four years. Unless tolled, the statute of limitations for RICO actions runs from the date that the plaintiff knew or should have known he was injured. Pacific Harbor Capital, Inc. v. Barnet Bank, N.A., 252 F.3d 1246, 1251(11th Cir. 2001). At the latest, Plaintiffs would have known they were injured no later than the conclusion of either the French deal in December of 2007 or the Remington purchase in September of 2008. Inasmuch as the instant action was not filed until December 2017, Plaintiffs' federal RICO claim must fail. State of Georgia RICO claims have a five year statute of limitations. O.C.G.A. 16-14-8. For the same reasons set forth above Plaintiffs' state RICO claim must also fail.

Plaintiffs allege a pattern of racketeering activity by claiming the following six (6) violations: 1) theft by taking, 2.) theft by deception, 3.) Theft by conversion or stolen goods, 3) Securities fraud, 4) theft of trade secrets, 5) computer fraud, and 6) wire fraud.

All of Plaintiffs' claims fail. As has been shown, Defendant never acted with fraudulent intent to deprive Plaintiffs of their property. In their claim for securities fraud Plaintiffs address only third parties, Gannett, Magnus and Coraline and make no securities fraud allegations against Defendant. Any discussion of securities fraud in Plaintiffs' complaint is therefore irrelevant and outside of the scope of the instant action. Neither do Plaintiffs make any specific allegations against Defendant as it relates to honest services fraud. Rather, Plaintiffs' claim for honest services fraud is merely conclusory and is outside of the scope of the instant action. Plaintiffs' allegations regarding computer fraud are discussed below.

### VII. PLAINTIFFS' CLAIM THAT DEFENDANT VIOLATED THE GEORGIA SELF-STORAGE ACT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND IS WITHOUT MERIT

15

Plaintiffs' ninth cause of action is that Defendant violated the Georgia Self-Storage Act resulting in a wrongful foreclosure. However, Plaintiffs fail to allege how Defendant in any way violated said Act. Therefore, Plaintiffs' ninth cause of action is merely a legal conclusion without any factual allegations to support said claim. Further, inasmuch as this cause of action is not brought as an injury to person, a four year statute of limitations should apply. The foreclosure sale occurred in October of 2007, meaning that the latest Plaintiffs' should have filed the instant action would have been October of 2011. Plaintiffs set forth no claim or basis that said statute of limitations should be tolled.

### VIII. PLAINTIFFS' CLAIM THAT DEFENDANT COMMITTED COMPUTER FRAUD IS WITHOUT MERIT

Plaintiffs' tenth cause of action is that Defendant and co-conspirators are in violation of the Computer Fraud and Abuse Act. Plaintiffs give no factual allegations as to how Defendant violated said Act but merely give a conclusory statement. In fact, Defendant is not even mentioned in this cause of action which is for some reason included in a suit against this defendant.

18 U.S.C. 1030(a) requires that one "knowingly accessed a computer without authorization." Plaintiffs make no allegation that Defendant accessed any computer without authorization. Defendant had no knowledge of the specific property in the storage facility as evidenced by his deposition testimony. *Cheokas Deposition pg. 33-36.*

### IX. PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES AND COST OF LITIGATON ARE PREMATURE AND MUST FAIL INASMUCH AS THEIR UNDERLYING CLAIMS ARE WITHOUT MERIT

Plaintiffs' final claim must fail inasmuch as said claim is not an independent cause of action. Before recovering fees, Plaintiffs must prevail on the underlying substantive claims in order to recover under O.C.GA. 13-6-11. Ellis v. Gallof, 220 Ga. App. 518 (1996).

## CONCLUSION

In conclusion, Plaintiffs' Complaint is presumptive inasmuch as it assumes that this matter will be joined or consolidated with a previously filed action. The complaint includes extensive and voluminous discussion relating to individuals unknown to this Defendant who are not even parties to the instant action. Many of the claims set forth as numbered counts against Defendant are merely conclusory statements without any factual allegations. Finally, as has been discussed at length Plaintiffs' claims are barred procedurally by the applicable statutes of limitation but also fail substantively because they do not satisfy the statutory requirements for bringing the cause of action which they purport to be. For all of those reasons Plaintiffs' claim for fees and expenses is premature.

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety and that all costs of responding to this complaint, including his attorney's fees be assessed against the Plaintiffs.

Respectfully submitted this 22nd day of January, 2018.

/S/ L. CLAYTON SMITH, JR.
L. CLAYTON SMITH, JR.
GA. BAR NO. 661310
P.O. Box 70875
Albany, Georgia 31708
Ph. (229) 434-1070
Fax: (229) 434-0322
Email: lcslaw@bellsouth.net

/S/ Christopher A. Flowers
CHRISTOPHER A. FLOWERS
GA. BAR NO. 308102
P.O. Box 70875
Albany, Georgia 31708
Ph. (229) 434-1070
Fax: (229) 434-0322
Email: christopherallenflowers@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, I electronically filed the within and foregoing *Motion to Dismiss* with the Court by using the CM/ECF System which will send notification of this filing to:

Donald Andersen, Attorney for Plaintiffs
dandersen@taylorenglish.com

Patrick S. Flynn, Attorney for Plaintiffs
pflynn@fpplaw.com

/s/ Christopher A. Flowers                               /s/L. Clayton Smith, Jr.

Christopher A. Flowers                                    L. Clayton Smith, Jr.
Georgia Bar No. 308102                                    Georgia Bar No. 661310
Smith & Flowers Law, P.C.                                 Smith & Flowers Law, P.C.
P.O. Box 70875                                            P.O. Box 70875
Albany, Georgia 31708                                     Albany, Georgia 31708
christopherallenflowers@gmail.com                         lcslaw@bellsouth.net