# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MARK D. WEISSMAN, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | CASE NO.: 1:17-CV-220(WLS) |
| v. : | |
| : | |
| MICHAEL CHEOKAS, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Before the Court is the Defendant Michael Cheokas' Emergency Motion for Protective Order Barring Plaintiffs' Notice of Deposition of Defendant (Doc. 44) and Limited Motion to Reopen Discovery and Extend Discovery Deadlines (Doc.47).

## I. Emergency Motion for Protective Order Barring Plaintiff's Notice of Deposition of Defendant

In the Motion, Cheokas moves the Court to enter a protective order under Federal Rules of Civil Procedure Rule 26(c) barring Plaintiff Mark D. Weissman's Notice of Deposition of Cheokas, scheduled for Monday, June 29, 2020. (Doc. 44 at 1.) Cheokas argues that Weissman's Notice of Deposition was untimely. (*Id.*) In Response, Weissman advised that counsel for Plaintiffs and Defendant have agreed to confer regarding re-scheduling of the deposition for Cheokas within the next thirty (30) days to allow Cheokas' new counsel to prepare for the deposition. (Doc. 47.) As such, Defendant's Motion (Doc. 44) is **DENIED WITHOUT PREJUDICE AS MOOT**. If the Parties are unable to resolve any further issues with discovery, the Parties should file the appropriate motions.

## II. Limited Motion to Reopen Discovery and Extend Discovery Deadlines

In the Motion, Cheokas moves the Court to reopen discovery and extend deadlines for discovery, and other deadlines, on a limited basis to allow new counsel to conduct discovery. (Doc. 47.) Cheokas was unable to secure new counsel in this matter until the day prior to the close of discovery. (*Id.* at 4.) As noted in the Motion, the change in counsel was of no fault to

1

Cheokas. (*Id.* at 6.) Cheokas moves the Court to extend all deadlines by thirty days from the entry of an order granting this Motion. (*Id.* at 7–8.)

The Court previously entered discovery and scheduling orders in this case. (Docs. 35, 37, 39.) For good cause shown, the Court hereby **GRANTS** Defendant Cheokas' Limited Motion to Reopen Discovery and Extend Discovery Deadlines (Doc. 47). Discovery is reopened and extended approximately thirty days[1] from the date of this Order. The Court's prior discovery and scheduling orders (Docs. 35, 37, 39) are amended as follows:

- (2) Fact discovery must be completed by **Monday, August 3, 2020** unless extended by the Court for good cause shown upon timely written motion by either party.
- (4) Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Wednesday, September 2, 2020.** In the event that discovery is extended, all dispositive motions must be filed no later than **thirty (30) days** after the close of discovery.
- (6) If necessary, each party must serve upon other parties disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by the following dates: **All expert discovery—Monday, August 3, 2020.**
- (7) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:
    - (i) **Wednesday, September 2, 2020,** if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty (30) days** after the close of discovery;
    - (ii) **Wednesday, September 23, 2020,** if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one days** after the dispositive motion deadline; or

---

[1] All extended deadlines are scheduled for the next available business day.

(iii) **fourteen days after notice of the pretrial conference is entered,** if the motion relates to a trial witness or issue and if necessary the motion will be heard at the pretrial conference.

All other deadlines shall remain unless otherwise ordered by the Court. The Parties are noticed that no further extensions will be granted except to prevent manifest injustice upon timely written motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties.
.

**SO ORDERED**, this 2nd day of July, 2020.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**